**08 C 145**

[illegible] SERVICES Capture AnyWare Fax Lakewood CO Trans 79631110137[illegible] 1:41:50 PM 6/8/2007

UNITED DRIVE
FENTON, MO 63026

PARTICIPATING CARRIER (IF ANY)

U.S. DOT No. 077949

UNITED

18 100372 T

THIS SHIPMENT IS BOUND ESTIMATE (OPTION C - COMPARISON) BETWEEN UVL AND SHIPPER.

SHIPPER PAUL/BARBARA MEILINGER 630-9220676

CONSIGNEE PAUL MEILINGER 585-3340729

STREET ADDRESS 4112 SCHILLINGER DR

STREET ADDRESS 17 NATURE VIEW

ORIGIN NAPERVILLE DU PAGE 022 IL 60564

DEST PITTSFORD MONROE 026 NY 14534

EST

AGREED PICK-UP PERIOD: EARLIEST 6/05 LATEST 6/05

AGREED DELIVERY PERIOD: EARLIEST 6/08 LATEST 6/09

NOTIFY IN CASE OF ☐ DELAY ☐ CHARGES

NAME

ADDRESS

CITY

NAT ACCT NO.

BILL TO

EXCLUSIVE USE OF A ______ CU. FT. VEHICLE ORDERED (MIN. 1400 CU. FT.)

SPACE RESERVATION

SELECTED DELIVERY DATE SERVICE REQUESTED

AT AGREED MINIMUM WEIGHT OF ______ POUNDS

SIGNATURE OF SHIPPER X

| COST OF CONTAINERS, PACKING AND UNPACKING SERVICES | CONTAINERS | | | | PACKING SCHEDULE | | | | UNPACKING SCHEDULE | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | NUMBER | BY AGT | PER EACH | TOTAL | NUMBER | BY AGT | PER EACH | TOTAL | NUMBER | BY AGT | PER EACH | TOTAL |
| | | | | TOTAL CONTAINERS | | | | TOTAL PACKING | | | | TOTAL UNPACKING |

Max Pack ______ lbs. x $ ______ cwt = $ ______

| | ORIGINAL | REWEIGH |
|---|---|---|
| LBS. GROSS | | |
| LBS. TARE | | |
| LBS. NET | | |
| MIN. WT. | | |

☐ SHIPPER REQUESTED REWEIGH

☐ SHIPPER WAIVES RIGHT TO OBSERVE REWEIGH (SHIPPER'S INITIALS)

All terms written and printed, stamped or typed on the front or back of this form are agreed to by both parties [illegible] and in the event that any or all of the [illegible] the owner of the goods and/or beneficiary of the services acknowledges he remains primarily liable for payment. The above named shipper agrees that the carrier shall transport the goods and effects tendered by the shipper subject to the [illegible]

CUSTOMER'S DECLARATION of VALUE

THIS IS A TARIFF LEVEL OF CARRIER LIABILITY - IT IS NOT INSURANCE

[illegible] Alternative Level of Liability shown below, your shipment will be transported [illegible] FULL (REPLACEMENT) VALUE [illegible] lost, destroyed or damaged [illegible] repair the article to the extent necessary to restore it to the same condition as when it was received by your mover, or pay you for the cost of such repairs [illegible] pay you for the cost of such a replacement [illegible]

[illegible] FULL (Replacement) VALUE [illegible] based on a value of [illegible] per pound multiplied by the actual weight of the shipment, whichever is greater. If you wish to declare a higher value for your shipment, you must indicate that amount below:

The value of my shipment is $125,000

[illegible] deductible amounts [illegible] FULL (Replacement) VALUE [illegible] "No Deductible" [illegible]

No Deductible [initials] (Initial) — $250 Deductible ( ______ ) (Initial) — $500 Deductible ( ______ ) (Initial)

ALTERNATIVE LEVEL OF LIABILITY - Released Value of 60 Cents Per Pound Per Article (Instead of FULL (Replacement) VALUE)

[illegible] is provided at no charge. It is considerably less than the average value of household goods. If you do not select the Alternative Level of Liability, your shipment will be transported at the Full (Replacement) Value level of liability and you will be assessed the applicable valuation charge.

[illegible] the Full (Replacement) Level of Liability and [illegible] select the Alternative Level of Liability, you must write [illegible] "60 cents per pound"

The value of my shipment is ______

Your signature, as [illegible] acknowledge that for my shipment I have 1) either waived the Full (Replacement) [illegible] or declared a value under the Full (Replacement) Level of liability and selected [illegible], and 3) received [illegible] copy of the "Your Rights and Responsibilities [illegible]" brochure [illegible]

(Customer's Signature) [signature] (Date) 6-5-07

EXTRAORDINARY (UNUSUAL) VALUE ARTICLE DECLARATION

[illegible] copy of the "Inventory of Items Valued in Excess of $100 Per Pound Per Article" [illegible] and that I have given a copy of this inventory to [illegible] I acknowledge that [illegible] liability for loss of or damage to any article valued in excess of $100 per pound will be limited to $100 per pound for each pound of such lost or damaged article [illegible]

(Customer's Signature) ______ (Date) ______

| CONTRACT NO. | TARIFF | SECT | EXCEPTION | MILES | PERCENT | RATE |
|---|---|---|---|---|---|---|
| | 400N | 3 | | | | |

TOTAL WEIGHT — WEIGHT — BASE CHARGE — EXCESS WEIGHT — RATE — TRANSPORTATION CHARGE

ADDITIONAL SERVICES PERFORMED — OTHER CHARGES

ORIG. 18MCCOLLISTER'S TRA6306681818
HAUL 15COOK MOVING SYSTE5853594300
DEST 18MCCOLLISTER'S TRA6306681818

MILES — WEIGHT — BASE CHARGE — EXCESS WEIGHT — RATE

SIT: 1st DAY — DATE IN — 2ND DAY — TO — NO. DAYS

WAREHOUSE HANDLING

EXTENDED VALUATION

BILL OF LADING COMPLETED BY: DRIVER 7485 — VAN NO. 908073 — PICK-UP DATE 6/5/07 — FROM [illegible] — TO [illegible]

DRIVER SIGNATURE [signature] — DRIVER CODE [illegible] — DATE

DELIVERED BY DRIVER SIGNATURE [signature] — DRIVER CODE [illegible] — DATE 6/8/07

PAYMENT ACKNOWLEDGMENT

PREPAYMENT RECD — DATE — CODE — TOTAL PREPAID

PAYMENT RECD AT DESTINATION — DATE — CODE

DELIVERY ACKNOWLEDGMENT

SHIPMENT RECEIVED IN APPARENT GOOD CONDITION EXCEPT AS NOTED

[signature] DATE 6/8/07

FOR STORAGE

JUDGE KENNELLY
MAGISTRATE JUDGE SCHENKIER

## CONTRACT TERMS and CONDITIONS of UNIFORM HOUSEHOLD GOODS BILL of LADING

### Notice of Availability of Published Tariff

Carrier publishes tariffs which set forth the terms, conditions and prices for the transportation services it provides. The applicable tariff provisions are incorporated herein by reference. Incorporated provisions include, but are not limited to: (1) Establishing the limitation of carriers liability, the principal features of which are described in the Valuation section of this Bill of Lading, (2) Setting the time period for filing claims, the principal features of which are described in Section 6 hereof; and (3) Reserving the carrier's right to assess additional charges for additional services performed and, on non-binding estimates, to base charges on the exact weight of the goods transported. For more information, please see the terms and conditions printed herein and the carrier's booklet "Your Rights and Responsibilities When You Move" and the Ready-To-Move brochure. The tariff is available for inspection at the offices of carrier or, on request, carrier will furnish a copy of any tariff provision containing carrier's rates, rules or charges governing the shipment and is also available for inspection at the offices of the Household Goods Carriers' Bureau Committee/American Moving and Storage Association, 1611 Duke Street, Alexandria VA 22314.

Carrier's currently effective applicable tariffs, all Inventories prepared in conjunction with this Bill of Lading, any applicable National Account Contract Agreements and the Estimate/Order for Service prepared in advance of shipment are hereby incorporated by reference. These documents, together with this Bill of Lading constitute the contractual documents governing shipper's move, and include but are not limited to the terms and conditions set forth below. In the event of any conflict between the terms of the Estimate/Order for Service and Bill of Lading, the Bill of Lading shall control. Any specific terms set forth in a National Account Contract Agreement shall supersede any inconsistent terms in the other documents.

This contract is subject to all the rules, regulations, rates and charges in carrier's currently effective applicable tariffs including, but not limited to, the following terms and conditions:

**SECTION 1:** The carrier or party in possession shall be liable for physical loss of or damage to any articles from external cause while being carried or held in storage-in-transit EXCEPT loss, damage or delay caused by or resulting:

(a) From an act, omission or order of shipper;

(b) From defect or inherent vice of the article, including susceptibility to damage because of atmospheric conditions such as temperature and humidity or changes therein;

(c) From (1) hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack (A) by any government or sovereign power, or by any authority maintaining or using military, naval or air forces; or (B) by military, naval or air forces; or (C) by an agent of any such government, power, authority or forces; (2) any weapon of war employing atomic fission or radioactive force whether in time of peace or war; (3) insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating, or defending against such an occurrence; (4) seizure or destruction under quarantine or customs regulations; (5) confiscation by order of any government or public authority; or (6) risks of contraband or illegal transportation or trade;

(d) From terrorist activity, including action in hindering or defending against an actual or expected terrorist activity. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. The term "terrorist activity" means any activity which is unlawful under the laws of the United States or any State and which involves any of the following: (1) the hijacking or sabotage of any conveyance (including an aircraft, vessel, cab, truck, van, trailer, container or vehicle) or warehouse or other building; (2) the seizing or detaining, and threatening to kill, injure, or continue to detain, another individual in order to compel a third person (including a governmental organization) to do or abstain from doing any act as an explicit or implicit condition for the release of the individual seized or detained; (3) an assassination; (4) the use of any (A) biological agent, chemical agent, or nuclear weapon or device, or (B) explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or (5) a threat, attempt, or conspiracy to do any of the foregoing;

(e) From delay caused by strikes, lockouts, labor disturbances, riots, civil commotions, or the acts of any person or persons taking part in any such occurrence or disorder, and from loss or damage when carrier, after notice to shipper or consignee of a potential risk of loss or damage to the shipment from such causes, is instructed by the shipper to proceed with such transportation and/or delivery, notwithstanding such risk.

(f) From Acts of God.

SUBJECT, in addition to the foregoing, to the further following limitations on the carrier's or the party's in possession liability:

The carrier's or the party's in possession maximum liability shall be either:

(1) The lump sum value declared by the shipper, which may not be less than $5,000 or $6.00 per pound multiplied by the actual weight of the shipment, in pounds, whichever is greater, or

(2) The actual loss or damage not exceeding sixty (60) cents per pound of the weight of any lost or damaged article when the shipper has waived lump sum value liability and released the shipment to the carrier, in writing, with liability limited to sixty (60) cents per pound per article.

(3) Further, a shipper's failure to notify the carrier in writing that an article or articles having a value that exceeds $100 per pound will be included in the shipment will restrict the carrier's maximum liability to $100 per pound of any lost or damaged article (based on actual weight), **NOT** to exceed the declared value of the entire shipment.

Such valuation is extended carrier liability under published tariffs and **is <u>not</u> insurance**, as that term is used under the McCarran-Ferguson Act, 15 U.S.C. 1011-1015.

**SECTION 2:** The carrier shall not be liable for delay caused by highway obstruction, or faulty or impassable highways, or lack of capacity of any highway, bridge or ferry, or caused by breakdown or mechanical defect of vehicles or equipment, or from any cause other than negligence of the carrier; nor shall the carrier be bound to transport by any particular schedule, means, vehicle or otherwise than with reasonable dispatch. Every carrier shall have the right in case of physical necessity to forward said property by any carrier or route between the point of shipment and the point of destination.

**SECTION 3:** Shipper's, consignor's and/or consignee's liability to carrier shall include the following:

(a) The shipper, (individual or commercial) and consignor upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment. The extension of credit to either shipper, consignor and/or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has been extended shall fail to pay such charges. The joint and several liability of the shipper and consignee as set forth in this Section 3(a) is absolute, and no prior or subsequent course of dealing among the shipper, carrier and/or consignee (including, but not limited to, the course of dealing pertaining to billing and collection of shipping charges) shall be construed as limiting, impairing, waiving or discharging such joint and several liability.

(b) Shipper and/or consignor represent that no explosives and/or dangerous articles or goods shall be contained in shipment. However, the shipper and/or consignor shall indemnify carrier against any loss or damage caused by the negligent or intentional inclusion in the shipment of explosives or dangerous articles or goods therein.

**SECTION 4:** If for any reason other than the fault of carrier, delivery cannot be made at address shown on the face hereof, or at any changed address of which carrier has been notified, carrier, at its option, may cause articles contained in shipment to be stored in a warehouse selected by it at the point of delivery or at other available points, at the cost of the owner, and subject to a lien for all accrued tariff, contract and other lawful charges.

**SECTION 5:** If shipment is refused by consignee at destination, or if shipper, consignee or owner of property fails to receive or claim it within fifteen (15) days after written notice by United States mail addressed to shipper and consignee at post office addresses shown on face hereof, or if shipper fails or refuses to pay lawfully applicable charges in accordance with carrier's applicable tariff, carrier may sell the property at its option, either (a) upon notice in the manner authorized by law, or (b) at public auction to highest bidder for cash at a public sale to be held at a time and place named by carrier, thirty (30) days notice of which sale shall have been given in writing to shipper and consignee, and there shall have been published at least once a week for two consecutive weeks in a newspaper of general circulation at or near the place of sale, a notice thereof containing a description of the property as described in the bill of lading, and the names of the consignor and consignee. The proceeds of any sale shall be applied toward payment of lawful tariff charges applicable to shipment and toward expenses of notice, advertising and sale, and of storing, caring for and maintaining property prior to sale, and the balance if any shall be paid to owner of property. PROVIDED that any perishable articles contained in said shipment may be sold at public or private sale without such notices, if, in the opinion of carrier, such action is necessary to prevent deterioration or further deterioration.

**SECTION 6:** As a condition precedent to recovery, a claim for any loss or damage, injury or delay, must be filed in writing with carrier within nine (9) months after delivery to consignee as shown on face hereof, or in case of failure to make delivery, then within nine (9) months after a reasonable time for delivery has elapsed; and suit must be instituted against carrier within two (2) years and one (1) day from the date when notice in writing is given by carrier to the claimant that carrier has disallowed the claim or any part or parts thereof specified in the notice. Where a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier shall not be liable and such a claim will not be paid.

UNITED VAN LINES, LLC
1 UNITED DRIVE
FENTON, MO 63026
PHONE (636) 326-3100

PARTICIPATING CARRIER (IF ANY)

U.S. DOT No. 077949

SHIP HOUSEHOLD GOODS DESCRIBED BELOW

UNITED

18 372 7 (B)

THIS SHIPMENT IS BOUND
SHIPPER HEILINGER, PAUL, BARBARA
COMPANY (ASSOCIATED WITH)
STREET ADDRESS 4113 Schillinger Dr
ORIGIN NAPERVILLE, IL 60564

CONSIGNEE
STREET ADDRESS 17 Nathee View
DEST. Pittsford, NY 14534

DATE LOADED FROM RESID OR PLACE ETC. | EARLIEST | LATEST | EARLIEST | LATEST

NOTIFY IN CASE OF: ☐ DELAY ☐ CHARGES
NAME
ADDRESS
CITY

☐ GUARANTEED SERVICE DATES—DAILY ALLOWANCE (If applicable, per Reasonable Commercial Lodging & 50% Food)

☒ C.O.D. ☐ PPD ☐ GOV. ☐ NAT. ACCT. NO.

BILL TO:
P.O. BOX /
STREET:
CITY & STATE
ATTN:

☐ EXCLUSIVE USE OF A ____ CU FT. VEHICLE ORDERED (MIN. 1400 CU FT)
☐ SPACE RESERVATION ____ CU FT. ORDERED (MIN. 800 CU FT)
☐ SELECTED DELIVERY DATE SERVICE REQUESTED. SHIPMENT TO BE TRANSPORTED AT AGREED MINIMUM WEIGHT OF ____ POUNDS.

SIGNATURE OF SHIPPER OR THEIR AGENT X

| COST OF CONTAINERS, PACKING AND UNPACKING SERVICES | CONTAINERS | | | | PACKING SCHEDULE ( ) | | | | UNPACKING SCHEDULE ( ) | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | NUMBER | BY AGT. | PER EACH | TOTAL | NUMBER | BY AGT. | PER EACH | TOTAL | NUMBER | BY AGT. | PER EACH | TOTAL |
| | TOTAL CONTAINERS | | | | TOTAL PACKING | | | | TOTAL UNPACKING | | | |

TOTAL CONTAINERS & SERVICES

Max Pack ____ lbs. x $ ____ cwt = $

1. All terms written, and printed, stamped or typed on the front or back of this form, are agreed to by both parties.
2. If credit is extended by the carrier [illegible]
3. The above named shipper agrees that the carrier shall transport the goods and effects tendered by the shipper subject to the preceding [illegible]

| | ORIGINAL | REWEIGH |
|---|---|---|
| LBS. GROSS | | |
| LBS. TARE | | |
| LBS. NET | | |
| MIN. WT. | | |

☐ SHIPPER REQUESTED REWEIGH
☐ SHIPPER WAIVES RIGHT TO OBSERVE REWEIGH ____ (SHIPPER'S INITIALS)

CUSTOMER'S DECLARATION of VALUE

THIS IS A "BASIS" LEVEL OF CARRIER LIABILITY – IT IS NOT INSURANCE

Unless you select the Alternative Level of Liability shown below your shipment will be transported under your mover's FULL (REPLACEMENT) VALUE level of liability. [illegible]

Under the FULL (Replacement) VALUE level of liability your shipment will be transported based on a value of [illegible]

The value of my shipment is: 175,000

You must select one of the following deductible amounts under the FULL (Replacement) VALUE level of liability [illegible]

No Deductible ( NP ) (initial) $250 Deductible ( ____ ) (initial) $500 Deductible ( ____ ) (initial)

ALTERNATIVE LEVEL OF LIABILITY - Released Value at 60 Cents Per Pound Per Article (Waiver of FULL (Replacement) VALUE)

If any article is lost, destroyed or damaged while in your mover's custody, your mover's liability is limited to the actual weight of the lost, destroyed or damaged article multiplied by 60 cents per pound per article. [illegible]

To waive the Full (Replacement) Level of Liability and to select the Alternative Level of Liability, you must write on the line below the words "60 cents per pound".

The value of my shipment is: ____

[illegible]

X [signature] 6/5/07
(Customer's Signature) (Date)

EXTRAORDINARY (UNUSUAL) VALUE ARTICLE DECLARATION

I acknowledge that I have prepared and retained a copy of the "Inventory of Items Valued in Excess of $100 Per Pound Per Article" [illegible] in excess of $100 per pound will be limited to $100 per pound [illegible]

X ____ (Customer's Signature) (Date)

| AGENT | CODE | NAME | PHONE NO. |
|---|---|---|---|
| Book | | | |
| Dest. | | | |
| Origin | | | |
| G-11 | | | |

VAN NO.

| CONTRACT NO. | TARIFF | SECT | EXCEPTION | MILES | PERCENT | RATE |
|---|---|---|---|---|---|---|

| TOTAL WEIGHT | BASE WEIGHT | BASE CHARGE | EXCESS WEIGHT | EXCESS RATE | TRANSPORTATION CHARGE |
|---|---|---|---|---|---|

ADDITIONAL SERVICES

DESCRIPTION | RATE | OTHER CHARGES

BILL OF LADING COMPLETED BY

| DRIVER ID | VAN NO. | PICKUP DATE | FROM | TO |
|---|---|---|---|---|
| 36-018 | 1804/801 | 6/5/07 | OR6 | OR6W |
| 15-17 | F57-3 | 6/1/07 | OR5 | |

STORAGE: MILES | WEIGHT | BASE CHARGE | EXCESS WEIGHT | RATE
1st DAY | DATE IN
ADD'L DAY | TO | NO. DAYS
WAREHOUSE HANDLING
EXTENDED VALUATION

DRIVER SIGNATURE FOR BILL OF LADING [signature]
DRIVER CODE 36-018 DATE 6/5/07

DELIVERED BY DRIVER SIGNATURE [signature]
DRIVER CODE 15-17 DATE 6/14/07

PAYMENT ACKNOWLEDGEMENT
SHIPMENT REC'D AT DESTINATION | DATE | CODE
PAYMENT REC'D AT DESTINATION | DATE | CODE
BY

TOTAL PREPAID
BAL DUE

DELIVERY ACKNOWLEDGEMENT
SHIPMENT WAS RECEIVED IN GOOD CONDITION EXCEPT AS NOTED ON INVENTORY AND SERVICES ORDERED WERE PERFORMED.

SIGNED X [signature] (Consignee) DATE 6/14/07

REC'D FOR STORAGE ____ (Warehouse)

BY ____ (Warehouseman's Signature) Date Control No.

IMPORTANT: SEE TERMS

## CONTRACT TERMS and CONDITIONS of UNIFORM HOUSEHOLD GOODS BILL of LADING

### Notice of Availability of Published Tariff

Carrier publishes tariffs, which set forth the terms, conditions and prices for the transportation services it provides. The applicable tariff provisions are incorporated hereby by reference. Incorporated provisions include, but are not limited to: (1) Establishing the limitation of carriers liability, the principal features of which are described in the Valuation section of this Bill of Lading, (2) Setting the time period for filing claims, the principal features of which are described in Section 6 hereof, and (3) Reserving the carrier's right to assess additional charges for additional services performed and, on non-binding estimates, to base charges on the exact weight of the goods transported. For more information, please see the terms and conditions printed herein and the carrier's booklet "Your Rights and Responsibilities When You Move" and the Ready-To-Move brochure. The tariff is available for inspection at the offices of carrier or, on request, carrier will furnish a copy of any tariff provision containing carrier's rates, rules or charges governing the shipment and is also available for inspection at the offices of the Household Goods Carriers' Bureau Committee/American Moving and Storage Association, 1611 Duke Street, Alexandria, VA 22314.

Carrier's currently effective applicable tariffs, all inventories prepared in conjunction with this Bill of Lading, any applicable National Account Contract Agreements and the Estimate/Order for Service prepared in advance of shipment are hereby incorporated by reference. These documents, together with this Bill of Lading constitute the contractual documents governing shipper's move, and include but are not limited to the terms and conditions set forth below. In the event of any conflict between the terms of the Estimate/Order for Service and Bill of Lading, the Bill of Lading shall control. Any specific terms set forth in a National Account Contract Agreement shall supersede any inconsistent terms in the other documents.

This contract is subject to all the rules, regulations, rates and charges in carrier's currently effective applicable tariffs including, but not limited to, the following terms and conditions:

**SECTION 1:** The carrier or party in possession shall be liable for physical loss of or damage to any articles from external cause while being carried or held in storage-in-transit EXCEPT loss, damage or delay caused by or resulting:

(a) From an act, omission or order of shipper;

(b) From defect or inherent vice of the article, including susceptibility to damage because of atmospheric conditions such as temperature and humidity or changes therein;

(c) From (1) hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack (A) by any government or sovereign power, or by any authority maintaining or using military, naval or air forces; or (B) by military, naval or air forces; or (C) by an agent of any such government, power, authority or forces; (2) any weapon of war employing atomic fission or radioactive force whether in time of peace or war; (3) insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating, or defending against such an occurrence; (4) seizure or destruction under quarantine or customs regulations; (5) confiscation by order of any government or public authority; or (6) risks of contraband or illegal transportation or trade;

(d) From terrorist activity, including action in hindering or defending against an actual or expected terrorist activity. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. The term "terrorist activity" means any activity which is unlawful under the laws of the United States or any State and which involves any of the following: (1) the hijacking or sabotage of any conveyance (including an aircraft, vessel, cab, truck, van, trailer, container or vehicle) or warehouse or other building; (2) the seizing or detaining, and threatening to kill, injure, or continue to detain, another individual in order to compel a third person (including a governmental organization) to do or abstain from doing any act as an explicit or implicit condition for the release of the individual seized or detained; (3) an assassination; (4) the use of any (A) biological agent, chemical agent, or nuclear weapon or device, or (B) explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or (5) a threat, attempt, or conspiracy to do any of the foregoing;

(e) From delay caused by strikes, lockouts, labor disturbances, riots, civil commotions, or the acts of any person or persons taking part in any such occurrence or disorder, and from loss or damage when carrier, after notice to shipper or consignee of a potential risk of loss or damage to the shipment from such causes, is instructed by the shipper to proceed with such transportation and/or delivery, notwithstanding such risk.

(f) From Acts of God.

SUBJECT, in addition to the foregoing, to the further following limitations on the carrier's or the party's in possession liability:

The carrier's or the party's in possession maximum liability shall be either:

(1) The lump sum value declared by the shipper, which may not be less than $5,000 or $6.00 per pound multiplied by the actual weight of the shipment, in pounds, whichever is greater, or

(2) The actual loss or damage not exceeding sixty (60) cents per pound of the weight of any lost or damaged article when the shipper has waived lump sum value liability and released the shipment to the carrier, in writing, with liability limited to sixty (60) cents per pound per article.

(3) Further, a shipper's failure to notify the carrier in writing that an article or articles having a value that exceeds $100 per pound will be included in the shipment will restrict the carrier's maximum liability to $100 per pound of any lost or damaged article (based on actual weight), **NOT** to exceed the declared value of the entire shipment.

Such valuation is extended carrier liability under published tariffs and **is not Insurance**, as that term is used under the McCarran-Ferguson Act, 15 U.S.C. 1011-1015.

**SECTION 2:** The carrier shall not be liable for delay caused by highway obstruction, or faulty or impassable highways, or lack of capacity of any highway, bridge or ferry, or caused by breakdown or mechanical defect of vehicles or equipment, or from any cause other than negligence of the carrier; nor shall the carrier be bound to transport by any particular schedule, means, vehicle or otherwise than with reasonable dispatch. Every carrier shall have the right in case of physical necessity to forward said property by any carrier or route between the point of shipment and the point of destination.

**SECTION 3:** Shipper's, consignor's and/or consignee's liability to carrier shall include the following:

(a) The shipper, (individual or commercial) and consignor upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment. The extension of credit to either shipper, consignor and/or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has been extended shall fail to pay such charges. The joint and several liability of the shipper and consignee as set forth in this Section 3(a) is absolute, and no prior or subsequent course of dealing among the shipper, carrier and/or consignee (including, but not limited to, the course of dealing pertaining to billing and collection of shipping charges) shall be construed as limiting, impairing, waiving or discharging such joint and several liability.

(b) Shipper and/or consignor represent that no explosives and/or dangerous articles or goods shall be contained in shipment. However, the shipper and/or consignor shall indemnify carrier against any loss or damage caused by the negligent or intentional inclusion in the shipment of explosives or dangerous articles or goods therein.

**SECTION 4:** If for any reason other than the fault of carrier, delivery cannot be made at address shown on the face hereof, or at any changed address of which carrier has been notified, carrier, at its option, may cause articles contained in shipment to be stored in a warehouse selected by it at the point of delivery, or at other available points, at the cost of the owner, and subject to a lien for all accrued tariff, contract and other lawful charges.

**SECTION 5:** If shipment is refused by consignee at destination, or if shipper, consignee or owner of property fails to receive or claim it within fifteen (15) days after written notice by United States mail addressed to shipper and consignee at post office addresses shown on face hereof, or if shipper fails or refuses to pay lawfully applicable charges in accordance with carrier's applicable tariff, carrier may sell the property at its option, either (a) upon notice in the manner authorized by law, or (b) at public auction to highest bidder for cash at a public sale to be held at a time and place named by carrier, thirty (30) days notice of which sale shall have been given in writing to shipper and consignee, and there shall have been published at least once a week for two consecutive weeks in a newspaper of general circulation at or near the place of sale, a notice thereof containing a description of the property as described in the bill of lading and the names of the consignor and consignee. The proceeds of any sale shall be applied toward payment of lawful tariff charges applicable to shipment and toward expenses of notice, advertising and sale, and of storing, caring for and maintaining property prior to sale, and the balance if any shall be paid to owner of property. PROVIDED that any perishable articles contained in said shipment may be sold at public or private sale without such notices, if, in the opinion of carrier, such action is necessary to prevent deterioration or further deterioration.

**SECTION 6:** As a condition precedent to recovery, a claim for any loss or damage, injury or delay, must be filed in writing with carrier within nine (9) months after delivery to consignee as shown on face hereof, or in case of failure to make delivery, then within nine (9) months after a reasonable time for delivery has elapsed; and suit must be instituted against carrier within two (2) years and one (1) day from the date when notice in writing is given by carrier to the claimant that carrier has disallowed the claim or any part or parts thereof specified in the notice. Where a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier shall not be liable and such a claim will not be paid.